UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM A403
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**March 21, 2012**

Mr. Timothy O. Dudley
Attorney at Law
114 South Pulaski Street
Little Rock, AR 72201

Mr. Robert L. Pottroff
Myers, Pottroff, and Ball
320 Sunset Avenue
Manhattan, KS 66502-3757

Mr. Elliott Dion Wilson
Wilson Law Firm, P.A.
423 Rightor Street, Suite 1
Helena, AR 72342

Ms. Karen D. Whatley
U. S. Attorney's Office - Little Rock
Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229

Re: *United States v. Easley et al.*, 4:10-cr-00240-BRW

Dear Counsel:

As I understand it, the following is the portion of the statute that is applicable here:

> (4) having knowledge of the occurrence of any event affecting (1) his initial or continued right to any payment under this subchapter, or (2) the initial or continued right to any payment of any other individual in whose behalf he has applied for or is receiving such payment, conceals or fails to disclose such event with an intent fraudulently to secure payment either in a greater amount than is due or when no payment is authorized;

During opening statement Mr. Dudley made a statement that the crux of this case is whether Mike Easley knew the limit that Diane Douglas could earn and that he helped her conceal from the government that she made more than that limit (or words to this precise effect).

I also understand that the defense contends that Mr. Easley had to <u>know</u> the exact limit; but I cannot find any case law to this effect, and I don't see that the statute requires knowledge of the "exact" limit.

1

In the defense's proposed instruction regarding Social Security fraud, there appears this language:

> Two, defendant knew that there was a limit on the amount of money Diane Douglas could earn and continue to receive disability benefits;

The government's submitted an instruction that reads, in part:

> One, the defendant had knowledge of an event affecting the right to receive or to continue to receive payments;

Thus far the jury instructions in other cases, found by my lawyers, read in part as follows:

> The Defendant had knowledge of an event affecting his right to receive or to continue to receive Social Security Disability benefits.[1]

I would appreciate any cases or other legal authority, primary or otherwise, which might help me understand exactly what <u>knowledge</u> I must find; and what intent I have to find, for there to be a violation of 42 U.S.C. § 408(a)(4).

If you can give me any help regarding the above, I would be much obliged.

                                             Cordially,

                                             /s/ Billy Roy Wilson

---

[1] See *United States v. Phythian*, No. 0:06-cr-00066-JNE (D. Minn.) (Doc. No. 60); *United States v. Henderson*, No. 0:03-cr-00437-DSD (D. Minn.) (Doc. No. 75); *United States v. Miller*, No. 1:08-CR-00023-JPJ (W.D. Va.) (Doc. No. 50).